IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THEODORE DARGAN,          * | |
|       Plaintiff | |
|      v.                      * | CIVIL ACTION NO. AMD-06-2741 |
| BALTIMORE COUNTY, et al.,   * | |
|       Defendants | |
|               ***  | |

MEMORANDUM

In the instant 42 U.S.C. § 1983 civil rights action filed by Theodore Dargan ("plaintiff"), who is confined at the Roxbury Correctional Institution ("RCI") in Hagerstown, Maryland, plaintiff complains that on January 30 and January 31, 2004, defendant Baltimore County police officers:(1) illegally stopped, searched, and threatened him; (2) robbed him of money and jewelry from his person and apartment; (3) filed a false arrest report and criminal charges; (4) provided false information to obtain a residential search warrant; and (5) used "psychological tricks" to obtain illegal information and a self-incriminating statement from plaintiff to "put criminal charges on him." Paper No.1. Plaintiff seemingly claims that defendants' action were taken to cover-up their wrongdoing and to "build a criminal pyramid charge" which put him in prison on a drug offense and harmed his freedom.[1] *Id*. He alleges that defendants violated his rights over the course of the two-day period and during trial procedures. Because he appears indigent, plaintiff's motion to proceed in forma pauperis shall be granted.

Plaintiff claims that he does not wish to challenge his state court conviction. He has, however, presented several claims which are inextricably interwoven with issues of probable cause

---

[1] Plaintiff makes a generalized claim of discrimination regarding the policies of Baltimore County police officers and a claim of racial discrimination in the Baltimore County Circuit Court and Office of the State's Attorney.

and the constitutionality of his arrest, criminal charge, and conviction. For this reason, this § 1983 complaint for damages shall be summarily dismissed without prejudice. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

Under *Heck*, a § 1983 claimant cannot recover damages for alleged unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] *See Heck*, 512 U.S. at 486-87.

Here, plaintiff's damages claims directly relate to the constitutionality of his state conviction and success in this civil rights action would vitiate the legality of his state court conviction. Thus, his civil rights claims may not proceed under *Heck*.[3] Accordingly, this action shall be dismissed without prejudice.[4] A separate Order follows.

Filed: October 27, 2006               /s/
                                      Andre M. Davis
                                      United States District Judge

---

[2] Section 1983 does, however, remain available where success in the civil rights suit would not necessarily invalidate the legality of state confinement.). *See Wilkinson v. Dotson*, 544 U.S. 74, 80-81 (2005); *Young v. Nickols*, 413 F.3d 416, 418-19 (4th Cir. 2005).

[3] To the extent that plaintiff wishes to raise a challenge to the unauthorized taking of his property during the course of the search and arrest process, he may file the appropriate post-deprivation remedies by means of Maryland administrative and/or court procedures.

[4] In an "amended complaint" contained within the body of his pleading, plaintiff complains that the library procedures at RCI violate prisoners' rights and the library materials are inadequate. Paper No. 1 at Attachment. He asserts that prison authorities are not permitting him to work on his criminal case in the law library and that the prison procedures and regulations harm his future criminal appeal and civil action pending in court. *Id*. This claim likewise shall be dismissed. If plaintiff wishes to raise an access-to-courts claim, he may file a separate civil rights action after exhausting his administrative remedies.